## SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is entered into among the United States of America, acting through the United States Department of Justice and on behalf of the United States Environmental Protection Agency ("EPA") (collectively the "United States") and American Commercial Lines Inc. ("ACL") and ACBL Transportation Services LLC, f/k/a ACL Transportation Services LLC ("ACBLTS") (hereafter collectively referred to as "the Parties"), through their authorized representatives.

## RECITALS

A. ACL owns a marine transportation service facility on the Ohio River in Cairo, Illinois, that is operated by ACBLTS and that provides barge fleeting and shifting, barge cleaning and repair, and topside-towboat repair ("the Facility").

B. The United States contends that it has certain claims for civil penalties against ACL and ACBLTS arising from the discharges of four different kinds of pollutants from the Facility into the Ohio River at levels in excess of the limits set forth in the National Pollutant Discharge Elimination System permits issued to ACL and ACBLTS, during the period from June 2007 through February 2014, as listed in Attachment A, in violation of the Clean Water Act (CWA), Section 301(a), 33 U.S.C. § 1311(a).

C. On January 5, 2016, the United States filed a complaint, captioned *United States v. American Commercial Lines, Inc. and ACBL Transportation Services, LLC, f/k/a ACL Transportation Services, LLC*, Case No. 16-cv-00009-MJR-PMF ("the Complaint"), in the United States District Court for the Southern District of Illinois, under the authority provided in the Clean Water Act, 33 U.S.C. §§ 1319(b) and (d). The conduct described in the complaint is referred to below as the Covered Conduct.

D. This Settlement Agreement is neither an admission of liability by ACL and/or ACBLTS nor a concession by the United States that its claims are not well-founded.

To avoid the delay, uncertainty, inconvenience, and expense of protracted litigation of the above claims, and in consideration of the mutual promises and obligations of this Settlement Agreement, the Parties agree and covenant as follows:

## TERMS AND CONDITIONS

1. No later than 10 days after the Effective Date of this Agreement, in full settlement of all claims alleged in the Complaint, ACL and ACBLTS shall pay to the United States Eight Hundred Five Thousand Four Hundred Forty Dollars ($805,440.00) (Settlement Amount) by electronic funds transfer pursuant to written instructions to be provided by the United States Attorney's Office for the Southern District of Illinois.

2. Subject to the exceptions in Paragraph 3 (concerning excluded claims) below, and conditioned upon ACL and ACBLTS's full payment of the Settlement Amount, the United States releases ACL and ACBLTS from any civil or administrative monetary claim the United States has for the Covered Conduct under the CWA, 33 U.S.C. §§ 1251-1387, or any regulation or rule adopted thereunder.

3. This Agreement is limited to the civil claims asserted against ACL and ACBLTS under the CWA, as alleged in the Complaint, and shall not be construed to resolve any criminal liability of ACL or ACBLTS, or any civil claims other than those set forth in the Complaint. The following claims of the United States are specifically reserved and are not released:

    a. Any liability arising under the Internal Revenue Code (Title 26);

b. Any criminal liability;

c. Except as explicitly stated in this Agreement, any administrative liability, including the suspension & debarment rights of any federal agency;

d. Any liability to the United States (or its agencies) for any conduct other than the Covered Conduct;

e. Any liability based upon obligations created by this Agreement;

f. Any liability of individuals;

g. Any liability for personal injury or property damage or for other consequential damages arising from the Covered Conduct.

4. Nothing in this Agreement shall be construed to release ACL, ACBLTS, or their agents, successors, or assigns from their respective obligations to comply with any applicable Federal, State, or local law, regulation, or permit, and nothing herein constitutes an agreement by the United States concerning the characterization of the Settlement Amount for purposes of the Internal Revenue laws, Title 26 of the United States Code.

5. Each Party shall bear its own legal costs and any other costs incurred in connection with this matter, including the preparation and performance of this Agreement.

6. ACL and ACBLTS fully and finally release the United States, its agencies, officers, agents, employees, and servants, from any claims (including attorney's fees, costs, and expenses of every kind and however denominated) that they have asserted, could have asserted, or may assert in the future against the United States, its agencies,

3

*Settlement Agreement*
*United States v. American Commercial Lines, Inc. et al.*, No. 16-cv-00009-MJR-PMF

officers, agents, employees, and servants, related to the Covered Conduct and the United States' investigation and prosecution thereof.

7.    ACL and ACBLTS agree to cooperate fully with any investigation by the United States of individuals and entities not released in this Agreement.

8.    This Agreement is intended to be for the benefit of the Parties only.

9.    Upon receipt of the payment described in Paragraph 1 above, the Parties shall promptly sign and file a Joint Stipulation of Dismissal of the Complaint with prejudice, pursuant to Rule 41(a)(1)(A)(ii).

10.    Each party and signatory to this Agreement represents that it freely and voluntarily enters into this Agreement without any degree of duress or compulsion.

11.    This Agreement is governed by the laws of the United States. The exclusive jurisdiction and venue for any dispute relating to this Agreement is the United States District Court for the Southern District of Illinois.

12.    This Agreement shall be deemed to have been drafted by all Parties to this Agreement and shall not, therefore, be construed against any Party for that reason in any subsequent dispute.

13.    This Agreement constitutes the complete agreement between the Parties. This Agreement may not be amended except by written consent of the Parties.

14.    The undersigned counsel represent and warrant that they are fully authorized to execute this Agreement on behalf of the persons and entities indicated below.

15.    This Agreement may be executed in counterparts, each of which constitutes an original and all of which constitute one and the same Agreement.

16. This Agreement is binding on ACL and ACBLTS's successors, transferees, heirs, and assigns.

17. All parties consent to the United States' disclosure of this Agreement, and information about this Agreement, to the public.

18. This Agreement is effective on the date of signature of the last signatory to the Agreement (Effective Date of this Agreement). Facsimiles of signatures shall constitute acceptable, binding signatures for purposes of this Agreement.

THE UNITED STATES OF AMERICA

JOHN C. CRUDEN
Assistant Attorney General

JAMES L. PORTER
Acting United States Attorney
Southern District of Illinois

DATED: 5/2/2016   BY: _____
NATHAN D. STUMP
Assistant United States Attorney
NICHOLAS J. BIERSBACH
Assistant United States Attorney
9 Executive Drive
Fairview Heights, Illinois 66208

DATED: 04-27-2016   BY: _____
THOMAS A. MARIANI, JR.
Deputy Section Chief
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice

THE UNITED STATES ENVIRONMENTAL PROTECTION AGENCY

DATED: 4/22/16       BY: _____
ROBERT A. KAPLAN
Acting Regional Administrator
U.S. Environmental Protection Agency
Region 5
77 West Jackson Boulevard
Chicago, Illinois 60604


DATED: 4/20/2016     BY: _____
T. LEVERETT NELSON
Regional Counsel
U.S. Environmental Protection Agency
Region 5
77 West Jackson Boulevard
Chicago, Illinois 60604


OF COUNSEL:
GARY STEINBAUER
Associate Regional Counsel
JOSH ZAHAROFF
Assistant Regional Counsel
U.S. Environmental Protection Agency
Region 5 (C-14J)
77 West Jackson Boulevard
Chicago, Illinois 60604

AMERICAN COMMERCIAL LINES INC. AND ACBL TRANSPORTATION SERVICES LLC, f/k/a ACL TRANSPORTATION SERVICES LLC

DATED: 4/14/16       BY: _____
                         DAWN R. LANDRY
                         General Counsel for ACL and ACBLTS

DATED: 4/14/16       BY: _____
                         KARL A. KARG
                         Latham & Watkins LLP
                         Counsel for ACL and ACBLTS

DATED: 4/14/16       BY: _____
                         MARY ROSE ALEXANDER
                         Latham & Watkins LLP
                         Counsel for ACL and ACBLTS

7

*Settlement Agreement*
*United States v. American Commercial Lines, Inc. et al.*, No. 16-cv-00009-MJR-PMF